IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ADVANCE PUBLICATIONS, INC., *et al*,<br><br>Plaintiffs,<br><br>v.<br><br>EXECUTIVE OFFICE FOR U.S. ATTORNEYS, *et al.*,<br><br>Defendants. | Case No. 1:23-cv-1014-APM |

**JOINT STATUS REPORT**

Pursuant to the Court's Minute Order of May 31, 2023, the parties respectfully submit this joint status report on this action under the Freedom of Information Act (FOIA), 5 U.S.C. § 552.

**I.    Plaintiffs' Position**

Plaintiffs in this FOIA action seek video footage recorded on January 6, 2021 on surveillance cameras inside the United States Capitol and on its surrounding grounds (the "Capitol Surveillance Videos").  Speaker of the United States House of Representatives Kevin McCarthy has already released these Capitol Surveillance Videos, in February 2023 to then-Fox News host Tucker Carlson, and in May 2023 to John Solomon of *Just The News*, Julie Kelly of *American Greatness*, and "a third outlet" not yet officially identified.[1]  The Government also has submitted numerous clips of many of these Capitol Surveillance Videos as exhibits and has publicly shown them in proceedings in this District during the prosecution of criminal defendants in connection

---

[1] *See* Ex. A (Rep. Marjorie Taylor Green (@RepMTG), Twitter (May 31, 2023, 2:15 PM), https://twitter.com/RepMTG/status/1663972434834235393); Ex. B (June 2, 2023 letter from undersigned counsel to congressional leadership) at 2 & n.4 (noting that Ms. Kelly has identified the fourth recipient of the videos as Joe Hanneman of *The Epoch Times*).

with the January 6 riot. *See, e.g.*, *United States v. Torrens*, 560 F. Supp. 3d 283 (D.D.C. 2021) (ordering release of such videos).

After Plaintiffs filed this lawsuit, Defendant Executive Office for U.S. Attorneys ("EOUSA") belatedly asserted that it was withholding the Capitol Surveillance Videos under Exemption 7(A). Then, in the previous Joint Status Report, EOUSA represented that it was "re-evaluating" that "response and denial of the request given the passage of time." ECF 8 at 3. EOUSA has now rescinded that representation to the Court and Plaintiffs and stands by the claim that it can categorically withhold all Capitol Surveillance Videos under Exemption 7(A), excepting only those surveillance video clips that EOUSA has already released to the press and public through the agency's USAfx dropbox system.

Given that EOUSA's position is now fixed, Plaintiffs respectfully request that the Court enter a briefing schedule for cross-motions for summary judgment on the propriety of EOUSA's withholdings. Specifically, the parties should address (1) whether EOUSA "may be compelled" to produce the Capitol Surveillance Videos "even over an . . . otherwise valid exemption claim" because Speaker McCarthy has officially disclosed those videos, *see Fitzgibbon v. CIA*, 911 F.2d 755, 765 (D.C. Cir. 1990); and (2) whether EOUSA may categorically withhold the Capitol Surveillance Videos under Exemption 7(A) despite the Government's extensive release of surveillance video segments in the Capitol riot cases and the fact that many of those Capitol riot cases have already concluded. Plaintiffs therefore propose the following schedule:

**July 11, 2023**: Defendants' motion for summary judgment;

**August 1, 2023**: Plaintiffs' cross-motion for summary judgment and opposition;

**August 15, 2023**: Defendants' opposition and reply; and

**August 22, 2023**: Plaintiffs' reply.

As for Defendant Federal Bureau of Investigation ("FBI"), Plaintiffs respectfully request that the Court set a status conference at its earliest convenience. The FBI's claim that it needs more time to locate its copies of the Capitol Surveillance Videos is simply not credible, especially in light of Capitol Police Department General Counsel Thomas A. DiBiase's sworn declaration – filed in any number of Capitol riot cases – expressly averring that the Capitol Police provided 14,000 hours of such footage to the FBI. *See, e.g.*, Decl. of Thomas A. DiBiase ¶¶ 10, 12 & n.2, *United States v. Schwartz*, No. 21-cr-178-APM (D.D.C. Aug. 31, 2021), ECF No. 11-1. Moreover, the FBI through counsel advises that until it completes processing the videos, it cannot determine which FOIA exemptions, if any, it will raise. This assertion is not credible, either, as the FBI surely will not release videos that the EOUSA is withholding. A hearing therefore will allow the Court and the parties to resolve what searches the FBI should undertake, and whether, as Plaintiffs request, the FBI is required to also move for summary judgment at this juncture.[2]

## II.   Defendants' Position

Plaintiffs submitted FOIA requests dated February 24, 2023, to Defendants the Federal Bureau of Investigation (the FBI) and Executive Office for U.S. Attorneys (EOUSA). The requests seek all closed-circuit camera footage recorded on January 6, 2021, inside the United States Capitol and on its surrounding grounds, on Capitol surveillance cameras.

On March 2, 2023, the FBI denied Plaintiffs' FOIA request, having found no records subject to FOIA. On April 25, 2023, EOUSA denied Plaintiffs' FOIA request pursuant to exemption 7(A). On March 3, 2023, Plaintiffs appealed FBI's denial to the Department of Justice's Office of Information Policy (OIP). On May 12, 2023, OIP closed the appeal pursuant to

---

[2] Plaintiffs also note that at the FBI's proposed processing rate of 15 minutes per month, it would take approximately 4,667 years to process 14,000 hours of Capitol Surveillance Videos.

Department policy after being informed that Plaintiffs filed the instant lawsuit. *See* 28 C.F.R. 16.8(b)(2).

On May 30, 2023, the parties submitted Joint Status Report to the Court requesting additional time for Defendants to re-evaluate their responses to Plaintiffs' FOIA requests. On May 31, 2023, the Court ordered the parties to file an additional Joint Status Report by June 13, 2023.

The defendants have, with the passage of time, reevaluated their initial responses, as described below:

a. EOUSA: EOUSA maintains that the requested records are subject to FOIA exemption 7(a), with the exception of those records that have been placed in a portal available to the public, including plaintiff.

b. FBI: FBI has determined that it maintains some records responsive to the request. It is working to identify those records, including those records on its website in the form of still images taken from the CCTV footage at issue, and also in its Central Records System (CRS). As part of its recordkeeping process, the FBI maintains evidence, such as this footage, in individual case files in its CRS. To identify cases that contain the requested footage, the FBI must coordinate with multiple stakeholders and case agents. Accordingly, the FBI is not yet able to determine the volume of records until it has completed this coordination process for each individual case. While the FBI is not able to provide an estimated completion date, it can provide regular updates on this process. Once the FBI has located all potentially responsive records, the FBI will review for responsiveness and make any appropriate disclosure determinations. In accordance with the FBI's judicially-recognized media processing rates, the FBI will process video records at a rate of approximately 15 minutes of video per month for release on CD or DVD. This

established media processing rate is based on the technical processes required in order to review and apply redactions to video records, as well as the FBI's finite resources devoted to each case and each requester. This ensures more requesters are equitably serviced.

Because FBI is still processing records as set forth above, this matter is not ripe for summary judgment. Generally, it is premature to move for summary judgment before all defendants have completed processing. Piecemeal summary judgment motions are disfavored because they are inefficient and impose extra burdens on the court and the parties. Here, however, EOUSA is prepared to move for summary judgment with respect to its assertion of Exemption 7(a). Early summary judgment here may help expedite resolution of this entire matter: if the Court upholds EOUSA's assertion of Exemption 7(a), for example, Plaintiffs may reconsider whether they want to continue litigating against FBI, which will not be prepared to move for summary judgment for some time. Accordingly, Defendants propose the following briefing schedule for Exemption 7(a), which accounts for the time EOUSA requires to prepare the necessary declaration given EOUSA's work load and absences due to summer leave:

1. **July 25, 2023** for EOUSA's motion for summary judgment.

2. **August 15, 2023** for Plaintiffs' opposition and any cross-motion for summary judgment by Plaintiffs.

3. **August 29, 2023** for EOUSA's reply in support of its motion for summary judgment and opposition to Plaintiffs' cross-motion if a cross-motion is filed.

4. **September 5, 2023** for Plaintiffs' reply in support of their cross-motion if a cross-motion is filed.

Importantly, the schedule proposed above is dependent on the Court bifurcating Exemption 7(a) from other exemptions, such as Exemption 6 and 7(c). *See Maydak v. U.S. Dept. of Justice*,

218 F.3d 760, 764 (D.C. Cir. 2000). EOUSA is prepared to make a motion to that effect in the coming days. If the Court denies the motion to bifurcate, EOUSA will need to re-visit the briefing schedule set forth above to account for the time needed to review responsive records for additional, underlying exemptions.

| | |
|---|---|
| Dated: June 13, 2023 | Respectfully submitted, |
| BALLARD SPAHR LLP | BRIAN M. BOYNTON<br>Principal Deputy Assistant Attorney General |
| /s/ *Charles D. Tobin*<br>Charles D. Tobin (#455593)<br>Maxwell S. Mishkin (#1031356)<br>Lauren Russell (#1697195)<br>1909 K Street NW, 12th Floor<br>Washington, DC 20006<br>Tel: (202) 661-2200<br>Fax: (202) 661-2299<br>tobinc@ballardspahr.com<br>mishkinm@ballardspahr.com<br>russelll@ballardspahr.com | ELIZABETH J. SHAPIRO<br>Deputy Branch Director<br><br>/s/Samuel Rebo<br>SAMUEL REBO (DC Bar No. 1780665)<br>Trial Attorney<br>Samuel.a.rebo@usdoj.gov<br>United States Department of Justice<br>1100 L St. NW<br>Washington, DC 20005<br>(202) 880-0206 |
| *Counsel for Plaintiffs* | *Counsel for Defendants* |