**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| ADVANCE PUBLICATIONS, INC., *et al*, <br><br> Plaintiffs, <br><br> v. <br><br> EXECUTIVE OFFICE FOR U.S. ATTORNEYS, *et al.*, <br><br> Defendants. | Case No. 1:23-cv-1014-APM |

## JOINT STATUS REPORT

Pursuant to the Court's Minute Order of June 26, 2023, the parties respectfully submit this joint status report on this action under the Freedom of Information Act (FOIA), 5 U.S.C. § 552.

Plaintiffs submitted FOIA requests dated February 24, 2023, to Defendants the Federal Bureau of Investigation (the FBI) and Executive Office for U.S. Attorneys (EOUSA). The requests seek all closed-circuit camera (CCTV) footage recorded on January 6, 2021, inside the United States Capitol and on its surrounding grounds, on Capitol surveillance cameras.

On May 30, 2023, and June 13, 2023, the parties submitted Joint Status Reports to the Court. In the last status report, EOUSA reiterated its blanket denial of Plaintiffs' request pursuant to Exemption 7(A) and stated that it was prepared to proceed to summary judgment briefing. FBI asserted that it possessed some records responsive to Plaintiffs' request, but that it needed additional time to determine the scope of the records in its possession. It further stated that, only after it determined the scope of those records, could it then set a schedule for the records' processing. The Court held a status conference on June 26, 2023, and, shortly thereafter, entered the summary judgment briefing schedule, with the Plaintiffs' agreement, proposed by the government as to EOUSA, only.

1

At the status conference, the Court also asked the parties to "begin conversations about the FBI's position[,] . . . the universe of records [in it and EOUSA's possession] and whether it would be possible to simply just focus [Plaintiffs' FOIA] request on the EOUSA."  Status Conference Transcript, at 14.  Consequently, the June 26, 2023, Order also directed the parties to submit a joint status report as to those issues by July 25, 2023.

**Defendants' Statement**:

The parties thoroughly discussed the question of whether and under what circumstances the FBI should remain a party to this case.  Although discussions were productive, and the parties were close to an agreed position to hold the FBI in abeyance, they ultimately could not agree on a joint position in time for this joint status report.   The issue dividing the parties is what arguments should remain available to the FBI assuming the case ever reached a stage when litigation against the FBI was necessary.

The FBI's position is that it should be held in abeyance pending final resolution of EOUSA's motion for summary judgment.  EOUSA and the United States Capital Police have now attested under oath that they have substantially the same CCTV footage at issue in this case as the another.[1]   The FBI, for all practical purposes, is thus redundant to EOUSA, and little purpose is served in litigating the same issues twice.  If EOUSA prevails on any of the  categorical arguments presented in its current motion for summary judgment, that ruling is law of the case and would apply to the same footage possessed by FBI.  If EOUSA does not prevail on any categorical exemption, and needs to review the footage on a frame-by-frame basis for individually applicable exemptions, it would work with the FBI to ensure that FBI's equities are covered.  Any such review

---

[1] Defendants are unable to attest that they have exactly the same footage, because the data set is enormous, and no audit has been conducted.  Nevertheless, both defendants are confident the footage possessed by each is substantially the same.

would include any exemption that applied on behalf of either defendant, including exemptions that were claimed but rejected on a categorical basis. Thus, a frame-by-frame review by the FBI would again be redundant. If, eventually, the FBI nevertheless had to conduct its own search and process individual footage, FBI would want to have the ability to make any applicable argument that EOUSA did not already litigate. For example, as discussed in an early status call, FBI is a signatory to a Memorandum of Understanding with the Capital Police that EOUSA was not, and any future litigation against the FBI could include an argument based on that MOU. By holding FBI in abeyance in this manner, each Defendant's rights are preserved without any of the duplication of litigation that both parties wish to avoid.

Alternatively, if the court is inclined to have FBI proceed in this matter, FBI cannot meet Plaintiffs' proposed summary judgment briefing schedule identified below. Most importantly, as represented in the last Joint Status Report, ECF No. 9, at 4, FBI has yet to process the records in its possession. Given the huge amount of footage at issue, this processing will take a significant amount of time, particularly with respect to review of Exemptions 6 and 7(C). Once that review is complete and FBI has provided a final response, FBI will confer with Plaintiffs and the parties can propose a joint briefing schedule.

**Plaintiffs' Statement**:

Plaintiffs' goal in this lawsuit is to as promptly as possible obtain for the public the same video footage – recorded on January 6, 2021 on surveillance cameras inside the United States Capitol and on its surrounding grounds (the "Capitol Surveillance Videos") – that Speaker of the United States House of Representatives Kevin McCarthy has already released to then-Fox News

host Tucker Carlson and several other hand-picked individuals.[2]  Plaintiffs have therefore made it clear to Defendants that, in the interest of efficiency, they are willing to hold the FBI in abeyance and proceed with summary judgment briefing against EOUSA alone – but only if the FBI agrees to be bound by this Court's rulings on the arguments that EOUSA makes and to deem waived any arguments that EOUSA could make but does not.  Plaintiffs are simply trying to avoid being sandbagged: it would be *inefficient*, not to mention improper under FOIA, for the FBI to wait and see how this Court rules on EOUSA's arguments and only then assert a new argument, which could have been litigated already, for withholding these historic videos.  *See Maydak v. Dep't of Justice*, 218 F.3d 760, 769 (D.C. Cir. 2000).  The FBI can instead participate fully in this litigation from the start and ensure that all of the arguments it wants to see raised are in fact raised in a timely manner, and Plaintiffs accordingly propose the following schedule for the FBI to do just that:

**August 22, 2023**: FBI's motion for summary judgment;

**September 19, 2023**: Plaintiffs' cross-motion for summary judgment and opposition;

**October 3, 2023**: FBI's opposition and reply; and

**October 17, 2023**: Plaintiffs' reply.

Dated: July 25, 2023

BALLARD SPAHR LLP

/s/ Charles D. Tobin
Charles D. Tobin (#455593)
Maxwell S. Mishkin (#1031356)
Lauren Russell (#1697195)
1909 K Street NW, 12th Floor

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

ELIZABETH J. SHAPIRO
Deputy Branch Director

/s/Samuel Rebo

---

[2] Just yesterday, Joe Hanneman of *The Epoch Times* published additional portions of the Capitol Surveillance Videos that he expressly asserts were "obtained through access granted by House Speaker Kevin McCarthy."  *See* Joseph M. Hanneman, *EXCLUSIVE: Security Footage Undermines Key Claims in Police Report in Death of Rosanne Boyland on Jan. 6*, The Epoch Times (July 24, 2023), https://www.theepochtimes.com/us/exclusive-security-footage-undermines-key-claims-in-police-report-in-death-of-rosanne-boyland-on-jan-6-post-5414489.

Washington, DC 20006
Tel: (202) 661-2200
Fax: (202) 661-2299
tobinc@ballardspahr.com
mishkinm@ballardspahr.com
russelll@ballardspahr.com

*Counsel for Plaintiffs*

SAMUEL REBO (DC Bar No. 1780665)
Trial Attorney
KRISTINA A. WOLFE (VA Bar No. 71570)
Senior Trial Counsel
Samuel.a.rebo@usdoj.gov
United States Department of Justice
1100 L St. NW
Washington, DC 20005
(202) 880-0206

*Counsel for Defendants*