### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ADVANCE PUBLICATIONS, INC., *et al*,<br><br>                Plaintiffs,<br><br>v.<br><br>EXECUTIVE OFFICE FOR U.S. ATTORNEYS, *et al.*,<br><br>                Defendants. | Civil Action No. 1:23-cv-01014 |

**DEFENDANTS' RESPONSE TO JANUARY 21, 2025 MINUTE ORDER**

In a minute order issued January 21, 2025, the Court directed Defendants to report on whether, in light of certain presidential pardons and commutations, they stood by their assertions of certain FOIA exemptions. The Court also urged the parties to meet and confer in an effort to resolve this case.

    **1. Pardons and commutations**

The Court's January 21, 2025, Minute Order directed Defendants to "advise the court . . . whether in light of the presidential grant of pardons and commutations for January 6 defendants they stand by their initial withholdings under Exemptions 7 and 3." In light of the grant of pardons and commutations, Defendants no longer rely on their assertion of Exemption 7(A) made in connection with Defendant Executive Office of U.S. Attorneys' (EOUSA) Motion for Summary Judgment. *See* ECF No. 13-1 at 10-15. Defendants do, however, stand by their other categorical withholdings under Exemptions 7(E), 7(F), and 3, *id.* at 15-24, and their position that a disclosure by Congress is not a release by the Executive Branch, *see* ECF No. 22 at 3 (citing ECF No. 13-1 at 25; ECF No. 16 at 8).

In the event that the Court were to deny EOUSA's Motion for Summary Judgment, EOUSA would be required to conduct a frame-by-frame review of the requested footage and determine the applicability of any exemptions on an individualized, non-categorical basis. *See id.* at 5 & n.3. For example, if the Court rejects Defendants' categorical withholdings, Exemptions 6 and 7(C) to protect the privacy interests of individuals identifiable in the footage would likely be warranted. Although Defendants have not reached an official estimate of how much time and resources such a frame-by-frame review would consume, it would likely take a substantial amount of time, and potentially years, before the many thousands of hours of footage were appropriately processed.

### 2. Meet-and-confer efforts

In its Minute Order, the Court also "urge[d] the parties to meet and confer to determine whether this matter can now be resolved without further litigation." Minute Order dated Jan. 21, 2025.

During the early stages of this litigation, Plaintiffs stated that their "goal in this lawsuit is to as promptly as possible obtain for the public the same video footage – recorded on January 6, 2021 on surveillance cameras inside the United States Capitol and on its surrounding grounds . . . – that Speaker of the United States House of Representatives Kevin McCarthy has already released to then-Fox News host Tucker Carlson and several other hand-picked individuals." ECF No. 12 at 3-4.

On January 24, 2025, counsel for the parties met and conferred to discuss whether this case could be resolved without further litigation. Defendants informed Plaintiffs that Congress, through the Committee on House Administration, has issued multiple public statements publicizing its asserted release of U.S. Capitol security footage from January 6, 2021. Most

recently, on December 17, 2024, the Chairman of the Committee on House Administration's Subcommittee on Oversight released an interim report detailing findings on the events surrounding January 6, 2021.  *See* Committee on House Administration, *Chairman Loudermilk Releases Second January 6, 2021 Report*, https://cha.house.gov/press-releases?ID=1699D69D-80C8-4098-BC1A-4935524C4B76 (last visited Jan. 24, 2025).  According to this report, the Subcommittee has made all of the USCP's footage from January 6, 2021, available to the public: "Over more than six months, the Subcommittee made more than 44,000 hours of CCTV footage publicly available on Rumble. These periodic releases enabled the American people to freely view all the events of January 5 and 6 in and around the U.S. Capitol, seeing the truth of the events from that day for themselves."[1]  *See Interim Report on the Failures and Politicization of the January 6th Select Committee* Dec. 17, 2024).  "Additionally," the report continued, "since November 20, 2023, the Subcommittee has maintained a viewing room for all CCTV footage from the U.S. Capitol. This viewing room enabled media organizations, criminal defendants, and U.S. citizens the ability to review each minute of the USCP CCTV footage in person."  *Id.*[2]

Defendants' counsel suggested that, despite the Committee's releases not being an official disclosure by the Executive Branch, Plaintiffs' stated litigation objectives had been met by the

---

[1] Rumble is a website to which the Committee has stated it has uploaded USCP footage. *See* https://rumble.com/c/CHASubcommitteeOnOversightRepublicanMajority (last visited Jan. 24, 2025).

[2] *See also* Committee on House Administration, *Subcommittee on Oversight releases USCP Video Public Access Policy*, https://cha.house.gov/press-releases?ContentRecord_id=0530F899-1C7B-4D6E-BE84-46DD5CDC69C5 (last visited Jan. 24, 2025); Committee on House Administration, *Committee on House Administration Releases 5,000 More Hours of January 6 Footage*, https://cha.house.gov/press-releases?ContentRecord_id=44F8E4DF-2CBF-4121-B8A2-B06CE1BEAABF (last visited Jan. 24, 2025); Committee on House Administration, *Chairman Loudermilk Announces Half of All January 6, 2021 Footage Released*, https://cha.house.gov/2024/4/chairman-loudermilk-announces-half-of-all-january-6-2021-footage-released (last visited Jan. 24, 2025).

equal access they apparently now have to footage posted by Congress. On January 27, 2025, counsel for Plaintiffs advised that Plaintiffs were not inclined to dismiss the case.

Dated:  January 28, 2025 　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　　BRETT A. SHUMATE
　　　　　　　　　　　　　　　　　　　　　　Acting Assistant Attorney General

　　　　　　　　　　　　　　　　　　　　　　ELIZABETH J. SHAPIRO
　　　　　　　　　　　　　　　　　　　　　　Deputy Branch Director

　　　　　　　　　　　　　　　　　　　　　　*/s/ M. Andrew Zee*
　　　　　　　　　　　　　　　　　　　　　　M. ANDREW ZEE (CA Bar # 272510)
　　　　　　　　　　　　　　　　　　　　　　KRISTINA A. WOLFE
　　　　　　　　　　　　　　　　　　　　　　Attorneys
　　　　　　　　　　　　　　　　　　　　　　U.S. Department of Justice
　　　　　　　　　　　　　　　　　　　　　　Civil Division, Federal Programs Branch
　　　　　　　　　　　　　　　　　　　　　　450 Golden Gate Avenue
　　　　　　　　　　　　　　　　　　　　　　San Francisco, CA 94102
　　　　　　　　　　　　　　　　　　　　　　(415) 436-6646
　　　　　　　　　　　　　　　　　　　　　　m.andrew.zee@usdoj.gov

　　　　　　　　　　　　　　　　　　　　　　*Counsel for Defendants*